[Civ. No. 16164. First Dist., Div. One. June 6, 1955.]

F. J. ROBINSON, Appellant, v. MIKE TANOVITZ et al., Respondents.

William A. Andrews for Appellant.

Francis W. Collins for Respondents.

WOOD (Fred B.), J.—Plaintiff sued the defendants for $3,200 as the reasonable value of certain electrical installations consisting of electrical wiring, outlets, lights, lighting fixtures and other electrical devices which he allegedly installed at a certain retail store pursuant to an oral contract with defendants who orally agreed to pay plaintiff the reason-. able value for such installation and work. From a judgment that he take nothing, plaintiff appeals.

He questions the sufficiency of the evidence. Although there is a conflict in much of the testimony, we must, of course, consider only that which tends to support the findings and the judgment.

Our examination of the record convinces us that there is evidence which, together with the inferences which reasonably may be drawn from it, amply supports findings that there was no express contract for payment of compensation and that plaintiff did not render services under such circumstances as would give rise to an obligation, implied or imposed by law, to compensate him for the reasonable value thereof.

Plaintiff computed his $3,200 claim upon the basis of 10 per cent of his estimate of the cost of the job, including equipment installed, materials used, and labor employed.

There is evidence that plaintiff had been doing electrical work for defendants for pay in the Sonoma area; that upon this occasion when they asked him to do the installation work at their store at Rodeo he hesitated to undertake it, but an arrangement was worked out whereby an electrician by the name of Clark was engaged to do the work, using plaintiff's license, defendants paying as the work progressed all bills for equipment installed or materials used, keeping plaintiff's books on this job for him and advancing to him from time to time his payroll costs and writing up his payroll checks for his signature. Plaintiff testified that he made a number of trips to Rodeo to inspect the job during its progress but admitted that the matter of compensation to him was never discussed. The defendants testified that in view of these circumstances they at no time had any understanding or expectation of paying plaintiff in respect to this job and that he never billed them for it; that the job was completed in January, 1951, and though this suit was not filed until March, 1952, he never sent them a bill and never mentioned the subject of compensation; that on previous jobs he always billed them and they had paid; and that after this job was finished he did some electrical work for them on a separate job and presented them with a bill for it which they paid, but he never billed them for his services in relation to this job.

Plaintiff admitted upon the witness stand that he never had a conversation with Mike Tanovitz, or anyone, in Sonoma concerning his compensation as a contractor on this job; that there never was an agreement for payment to him; that he never told Mr. Tanovitz that the latter owed plaintiff money; and that he never presented a bill on this job.

This we deem a sufficient although not a complete summary of the supporting evidence.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.